Thank you, your honor. May it please the court, Devin Burstein on behalf of Mr. Galarza. Your honors, in this case, what's happening is that the government is trying to make an end run around the limitations placed on the categorical analysis by DeCamp. And it's asking, in essence, to create a modified, modified categorical approach. Yeah, I'll just give you my problem right up front. It sounds as though the state of North That's right. That is absolutely right. And I think the Diaz case makes that, that's the Supreme Court of North Carolina case. No, I think that means we get to go to modified categorical. The problem, I would say, no, your honor, because. Okay. And so what we do is DeCamp tells us we start with the statute of conviction. I don't think they could have said it more times. The statute of conviction here is 90-95. That's what we look at to determine divisibility. 90-95 is a long statute. It has subsections A through I, I believe. Clearly, without a doubt, 90-95 is divisible. Then what we do, Supreme Court says, is to look to the modified categorical approach to determine what is the alternate, what is the portion, what is, in this case, the subsection under which the defendant was convicted. So we look to the conviction documents, the judgment, specifically, for example. So if the North Carolina statute in that part, part three. H3, your honor? No, the part three, that when any person who sells, manufactures, delivers, transports or possesses, it's a subpart. Right. What is that? Is that H3? Yes, your honor. Okay. So if they had further subdivided that to say any person who, one, sells, two, manufactures, three, delivers, or transports, or five, possesses, then would you not have an argument here? Depending on what the conviction document showed. So for example, if the conviction document, let's suppose it said exactly what it says today, which was he was selling. Well, we wouldn't, obviously, I mean, my response would be we don't look to determine if it said that he's selling, that wouldn't be necessarily the relevant point. The relevant point would be did it say, just taking your honor's example, H3-1 or H3-2 or H3-F. You know, I can come up with myriad examples. And then we would apply what we would do what DeKalb says, is then we'd apply the categorical approach to that, to that alternative. Sure. If this was, and let me rephrase this as H3, A, B, C, D, and E, there's your five that are listed, sells, manufactures, delivers, transports, or possesses. And the charging document showed that he had been charged with H3-A, meaning selling. This would be a straight categorical approach. We wouldn't even need a modified categorical approach. Either way, I take your honor's point, and I think you're correct. I would still say you would need the modified because I don't think you can get to H3-A without starting at 90-95, the statute in its entirety. But I would agree with your honor that on the straight categorical, positing that sub, sub, sub, subsection A. So if you're right, it just seems like you've done away, not only have you not made an argument that there's a modified, modified categorical approach, it looks like you're going to do away with the modified categorical approach because it does allow us to say a statute is divisible even if the legislature itself hasn't by Roman numbers or in some kind of outline fashion divided it itself. I take your honor's point, and I would respond that what we're really, I think the difference is, is that we're talking about essentially where do we begin? Where, what are the levels? How far down the rabbit hole, if you will, can we go? And that's really what this is about. Is it, if we begin at 90-95, which is the essence of my argument, and then we take the modified to determine what the subsection of conviction is, that is where it stops. And, and your honor, I would point you to the case that you were recently on. I believe Judge Acuda authored the opinion, but you were on it. It's the Cabrera case that came out this year. And we cited in our briefs, and what exactly, that's exactly what the, what the court did in that case. They, and Judge Acuda's language, she says, we're going to start with the, the statute in its entirety. That was that Arizona statute, and she says we're going to start with that in its entirety. And then what we're going to do is we're going to look to the modified, because everybody agrees the statute in its entirety is divisible. And then we're going to determine the subsection. And in that case, it was subsection A3. And then she says, well, we know that subsection H3, A3, excuse me, we're going to do then the categorical analysis. It categorically meets the definition in that, and there was already binding Ninth Circuit case law, and that ends the inquiry. But what's most interesting, at least from my perspective, Your Honor, is that we're not going to then further divide the subsection. We're not going to cut the pizza into more slices. We're not going to go further down the rabbit hole to try and figure out the exact nature of the conduct. Well, except if the State does so, either on the face of the statute or by judicial construction of the statute, then we are, I think, in a position where it's divisible. And I'm just, I'll just read you a quick little line from the Garcia case decided by the North Carolina court. It says, sale, manufacture, delivery, transportation, and possession, as defined in H3, are separate traffic offenses for which a defendant may be separately convicted and punished. That sounds as though the State of North Carolina treats this as a divisible statute. What do you do with that? I agree with you 100 percent. I believe Garcia is inciting the Diaz case from the North Carolina Supreme Court. That doesn't impact the analysis here, and let me try and explain why. Because, maybe I'll try it this way. If we started with the subsection, if the count, if the rule was in conducting the modified categorical approach, we start with the subsection of conviction and then determine the subsection's divisibility, that would, my argument would be over, based on your honor's theory. Because North Carolina specifically says the subsection is separate crimes. But that's not what the categorical approach tells us to do. That's explicitly contrary, at least to my reading of DECOM. They say we have to start with the statute of conviction. The statute is not the subsection. They're not one and the same. The statute is the statute. The statute here is 90-95. That's the starting point. Then there's only one level we go to. We determine what the subsection of conviction is. Here, we all know it. It's H-3. H-3, that's what we look at to make the categorical comparison. And H-3 includes possession. Possession remains overbroad, therefore the statute remains overbroad, and therefore it's not an aggravated felony. So far, so good, until you get right there, and then I read the cases from the State courts as saying the way we treat this statute is there are five separate crimes under H-3. Right. They can be pled separate, could be charged separately, even as the same defendant. Agreed. And then proved separately. I agree with you. Everything you're saying, Your Honor. But we don't, you don't, that would require two modified categorical approaches. Yeah, it would. So? Well, therein is the question for the Court. Can, and that's, that's what I was calling, hopefully, artfully, a modified-modified approach. First, you do a modified to get to the subsection, and then Your Honor is positing, which is, I think, also what the government is positing, a further modified. I find no basis for that in DeCamp. I would suggest the problem in DeCamp, the analytic problem in DeCamp is somebody might plead to a statute, and even plead to things that he doesn't care much about, because the whole statute is undifferentiated. But when the statute is differentiated, as it is by the North Carolina courts, he cares a lot what he pleads to, because if he says, I pled to possession, when, in fact, what he was charged with was possession for sale or transportation, I mean, he's out of there. I mean, it's merely, if he's charged with transportation for sale, and he pleads guilty to possession, he's, he walks in North Carolina under this statute. Yes, Your Honor. Let, let me take my last few seconds and, and, and, I think, Your Honor, to have my argument on whether there is a modified-modified. So I think that's a, a big decision for the Court. But if I have a few, if you could bear with me for a few seconds to tell you why even under a modified-modified I should win, I, I would greatly appreciate it. So we are looking at the, the, beginning with the judgment here. The judgment says H3. It doesn't specify sale. So the judgment itself remains overbroad. We have the indictment which does suggest sale, but it's not tied up in the plea agreement. The plea agreement doesn't say sale. The only thing that says sale, then, that the government could hang its hat on would be the plea colloquy at which the, the only person who makes a factual basis is the prosecutor. The Court never asked the defendant if he or his counsel admit the, to the factual basis. So even under a modified-modified, there isn't enough to establish H3. I, I, I've got a, I've got a jury. I've got a, signed, signed by the prosecutor. It says the jurors of the State of Colorado present that traffic by selling to Jeff Anderson, 28 grams. That's the indictment. But the indictment alone under this, it's well-established that the indictment alone is insufficient. Then if he pleads to the indictment, bingo. Under Vidal, if he pleads as charged in the indictment, bingo. That doesn't exist here. There is nothing tying it. And, and this case just, the Court just came out, and it has to be clearly tied. So I would suggest if the Court does create a modified-modified categorical analysis, we would still win because there's nothing tying the indictment. Thank you for letting me go over here, Your Honor. Roberts. Let's, let's hear from the government. And, and they should have stayed. Oh. I appreciate it. Good morning, Your Honors. May it please the Court. Mark Rahe for the United States. I think it's fair to say that the categorical approach is already an esoteric enough of an exercise to begin with. I think with all due respect, what my colleague is trying to do is add an extra level of semantic analysis to it. Well, you just made, you just heard his best argument. He just made it. Why don't you respond to it? Well, my first response, if you're talking about the very last thing he said. That was his best argument, right there. Well, okay. I respectfully disagree. One, I think that's waived. There hasn't been a single point in this entire prosecution when the defense has challenged the sufficiency of the modified categorical approach. This argument about the as-charged, and so first of all, that's being raised for the first time in oral argument. Second of all, if in excerpt of record, page 74, during the plea colloquy, a lot of states have this practice where the prosecutor says, yes, as to this particular count on June 5th, 2003, defendant trafficked by selling 31.9 grams of cocaine. Later in that colloquy, the judge asked the defense counsel, anything on factual basis? Defense counsel says no. If you want to reach the merits of this, I would say that that's an adoptive admission at absolutely zero point. In these proceedings, did the defendant ever dispute that? And also, I mean, if you have your court. Is there anything in any written document that refers to selling other than the indictment? Well, the plea colloquy. The plea colloquy. Okay, but is there anything in any document that gets filed other than the plea colloquy? Just the charging document. I'm looking at, for example, the transcript of the plea. That's just a bunch of yes, no answers and doesn't say I plead to the indictment as stated or something. Right, I mean, you're right. When it comes to the point about pleading guilty, but I would also point out, I think, Cavantag versus Holder, this court has held repeatedly, and as long as you have the two most minimal documents are a generically charged information and a guilty plea to that count. In the law of this circuit, if you have your clerks run Vidal, I argued Vidal years ago. There's sort of this ongoing thing, whether you need this magic phrase that's charged in. I know there was a published opinion in the last month or two. The name escapes me where it says the court is moving away from that kind of formalistic approach. If here you have an excerpt of record 65, the only prong from 9095 H3 that is mentioned is selling. And then at the plea colloquy excerpt of record 74, the prosecutor states on June 5th, 2003, the defendant trafficked by selling. That matches the indictment, he pleads guilty, his lawyer makes no objection. I mean, a modified categorical approach, we need to prove this by clear and convincing evidence, but not beyond any possible doubt, not even beyond a reasonable doubt. I would submit that on the, all of the circuit's case law, but primarily the one that comes to mind is Cavantag versus Holder. A guilty plea to a generically narrowed charge is enough to satisfy the argument. Now, to get back to kind of the beginnings here, I think, ask my opponent when he gets back on reply, why it is that he thinks the term statute of conviction only applies to the most global phrasing of that. Put yourself in the shoes of a North Carolina prosecutor. If a North Carolina prosecutor just charges somebody with 90-95, I mean, as I have a copy over here, it's ten pages worth. That would never even stand up to a due process notice kind of challenge. Instead, they have to specify the subsection. It specified H3. If you look at the notice to appear from the removal proceedings, at excerpt from record 29, it says H3. This is the statute of conviction. Anything other than that, I think, would lead to absurd results and overly formalized way of thinking about this. And again, this is already difficult enough to begin with. I would put another hypothetical in front of the court. If I understand my opponent's argument correctly, it's sort of this, you make one look at the statute, and that's what you're stuck with. What if you have, let's say, an assault statute under some state that says it's a crime to assault with a deadly weapon, period, and then you have to look to another statute to find the definition of assault and to see if that's a categorical crime of violence. Under my opponent's position, you couldn't do that. You would have to look just to the first thing that you come to and formalistically throw your hands up and say, wow, we can't do this. I would submit as a matter of policy and good law, that isn't the course that this court should take. Here, it was H3 was the specific. It gave the defendant the absolute best notice he could have had. That's what the charging document was. In divisibility, I know that in Rendon versus Holder, there's this question about how exactly do we go about determining divisibility. That itself is a tough question. I would say this panel doesn't have to wait for that case to be resolved. It sets forth the highest standard of divisibility, which is requirement of jury unanimity. Here, the state versus Diaz, that's the North Carolina's highest court, has said in as many terms, or in as many words, that those five acts left listed in H53 are all separate crimes for which you need jury unanimity. And in fact, Diaz even has an example. The only difference was, I think there, it was H1, which goes to marijuana. But in footnote six of my colleague's opening brief, he concedes that the statutes are the same but for drug type. They say it would not work if half the jurors thought the person transported marijuana and the other half thought they possessed. That's a clear statement that you need jury unanimity under the state law. It's divisible. I don't think the court should make it any more difficult than it has to be. And I believe, unless the court has any further questions, I would submit. Okay. Your Honor, thank you. Just to make one point. If you look at excerpt of record 63, just to my colleague's point, you will see multiple charges as 90-95, you will see it. In fact, written in by the prosecutor, I believe, three separate times. So it is charged, oddly admittedly, but it is charged sometimes as it's whole, 90-95. Let me read to you, I don't have the entire pre-colloquy and the papers I brought to the bench with me. But let me read to you from ER 71 and then 72, you want to get it? And I'm on line four of ER 71. iPads are great, aren't they? They are, Your Honor. I can literally take everything with me. He doesn't like it. I hate them. Judge Thomas puts everything on iPads. Yeah, I first saw it, actually, arguing a case here. I saw one member of the court with an iPad, and I thought, my, that is a great, great idea. Okay, I'm on line four of ER 71, are you with me? I am with you, Your Honor. The court, addressing the defendant. You're pleading to two counts of trafficking in cocaine. All the charges you're pleading guilty to are going to be consolidated in sentencing will be up to the court, is that correct? Yes, sir. Well, that suggests to me that he knew exactly what he was being charged with. And we go further, I'm now on ER 74, and I'm on line 11, the court. You will be exposed to two class G trafficking sentences. Do you understand? Yes, sir. Your Honor, you just made a great point, and I thank you. Trafficking in cocaine is the name of the statute. That's what H3 is called. H3 is called trafficking in cocaine. So to say you are pleading guilty to trafficking in cocaine, your Honor actually just made the point probably much better than I did. Oh, I'm so glad, thank you. You could be convicted of trafficking in cocaine by duly possessing. Exactly, that is the whole point. Thank you very much, Your Honor. Back to the pages that he cited that I don't have here in front of me, okay. Yes, Your Honor, but thank you. Okay, thank you. Thank both sides for very nice arguments, and they really should have stayed. Okay, United States versus Galarza-Bautista submitted for decision.
judges: Ezra, Fletcher, Bybee